FILED
SUPERIOR COURT
OF GUAM

2024 JAN -5 AM 9: 55

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| THE PEOPLE OF GUAM | CRIMINAL CASE NO. CF0242-20 |
| vs. | |
| DERICK JAMES SIMMONS,<br>DOB: 07/27/1991 | **DECISION AND ORDER**<br>*Re: Motion for New Trial* |
| Defendant. | |

This matter came before the Honorable Arthur R. Barcinas on October 6, 2023, for an evidentiary hearing on Defendant's Motion for New Trial due to potential juror dishonesty. Defendant was present with Assistant Public Defender Brian Eggleston. J. Basil O'Mallan III represented the People.

## BACKGROUND

On June 13, 2022, Defendant Derick James Simmons ("Defendant") moved for a new trial, alleging to newly discovered evidence that one of the jurors had deliberately concealed relevant information on *voir dire*, thereby depriving Defendant of his Sixth Amendment right to an impartial jury. Defendant alleged that, upon examination during *voir dire*, the juror did not disclose her relationship with "a key Government witness (and legal guardian of the complaining victim)." Mot., at 1. Said witness is Jacqueline Duenas ("Duenas"), mother of Defendant's partner Therese-Rae Duenas ("Therese") and grandmother of the victims in this case.

Defendant stated that Guam Public Defender Service Corporation ("PDSC") chief investigator Robbie Call submitted an affidavit, establishing that: (1) on May 17, 2022, the defense investigator received information that the juror in question had lied on *voir dire* by failing to disclose her relationship with Duenas; (2) on May 24, 2022, the defense investigator met with the juror in question at her workplace, the Maite Branch of Coast360 Credit Union ("Coast360"),

to discuss her role as a juror in Defendant's trial; (3) the juror told the investigator that she is personally acquainted with Duenas because they were coworkers at Coast360, and that her decision to withhold this information from the Court was justified by her assumption that her relationship with Duenas did not impair her ability to be fair and impartial at trial; (4) at no point during the trial did the juror inform the Court, the marshals, or the attorneys that she worked with Duenas or knew her, and (5) when asked how her association with Duenas was discovered, the investigator showed the juror a group photograph from a Coast360 annual report published in 2015, depicting both the juror and Duenas.

Based on the above, Defendant argues that the facts establish that the juror, at minimum, possessed an understanding of the screening function of *voir dire*, and that her desire to serve as a juror motivated her to withhold truthful answers deliberately and consistently despite the ample time and opportunity for a response.

In their opposition, the People submitted a declaration from Office of the Attorney General ("AG") investigator William Salisbury, who also met with the juror. In the declaration, Salisbury stated that the juror stated that she does not know a Jacqueline Duenas, but vaguely remembers working with a "Jackie" Duenas several years ago and never connected the two. The declaration further stated that the juror was surprised when shown a picture from a Coast360 annual report because she had no idea what year the report was for, and believed she only worked with a Jackie Duenas for a short time.

At a March 30, 2023 hearing on the Motion, the People raised concerns that an evidentiary hearing may be needed to resolve whether the juror in question was deliberate and knowing in her *voir dire* omission. Both parties agreed to let the Court know at the next hearing on April 21, 2023, if an evidentiary hearing would be needed. At the April 21 hearing, the parties agreed to submit on the pleadings, and the Court stated it would decide if further testimony was needed to rule on the Motion. The Court subsequently scheduled an evidentiary hearing to be held on October 6, 2023. At the evidentiary hearing, the Court heard testimony from the juror, Duenas, and Therese.

### 1. The juror's testimony

At the evidentiary hearing, the juror testified that she recognized Duenas and Therese when they took the witness stand, and that she did not alert the Court or the attorneys after recognizing them. Tr., at 10:50:32 (Oct. 6, 2023). The juror stated that she had attended one of Duenas's family events, but did not remember what year, and that Duenas had attended her grandson's first birthday around 2015, but that she was not sure if she invited Duenas or a member of her husband's family did. Tr., at 10:45:30; 10:53:10 (Oct. 6, 2023). The juror further testified that she did not still maintain a friendship with the Duenases today, and the last time she remembered running into Duenas was approximately a year earlier, either at work or Cost-U-Less. Tr., at 10:54:45 (Oct. 6, 2023). The juror further testified that when she saw Duenas and Therese on the stand and realized that she recognized them, she did not tell the Court because "it didn't dawn on me that I should. For me, I did take an oath to be fair and impartial, so that's what I proceeded under." Tr., at 10:56:00 (Oct. 6, 2023). The juror stated that she did not think that any previous relationship she had with the Duenases would affect her decision. Tr., at 10:56:15 (Oct. 6, 2023).

### 2. Duenas's testimony

At the evidentiary hearing, Duenas testified that she knows the juror because they worked in the same department at Coast360 until 2017. Tr., at 11:07:50 (Oct. 6, 2023). Duenas also stated that she and the juror had attended each other's family events, including her daughter's graduation. 11:08:00-11:09:30 (Oct. 6, 2023).

### 3. Therese's testimony

At the evidentiary hearing, Therese testified that she recognized the juror as her mother's "longtime coworker." Tr., at 11:15:00 (Oct. 6, 2023). Therese stated that the juror and Duenas worked alongside each other. Tr., at 11:16:00 (Oct. 6, 2023). Therese stated that she and her family had attended the juror's grandson's birthday, and that juror had attended her sister's graduation and her younger brother's birthday. Tr., at 11:16:30 (Oct. 6, 2023). When asked how often she met or interacted with the juror, Therese testified that when Duenas worked at Coast360, everyone knew Therese and her siblings, so they met "a lot." 11:18:00-11:18:30 (Oct. 6, 2023).

Therese further testified that she and Defendant lived in Duenas's house between 2014 and 2016, and that they would still visit Coast360 to see Duenas for at least the next year or two. Tr., at 11:19:00 (Oct. 6, 2023). Therese also testified that the juror did not know Defendant, but knew who Duenas and Therese were. Tr., at 11:33:00-11:34:00 (Oct. 6, 2023).

## DISCUSSION

Pursuant to 8 G.C.A.§ 110.30(b), a defendant may move for a new trial based upon the ground of newly discovered evidence before or within two (2) years after final judgment. The decision to grant a new trial rests within the sound discretion of the trial court. *People v. Leslie,* 2011 Guam 23 ¶ 15.

Defendant argues that, having allegedly discovered new evidence of juror dishonesty, he is entitled to a new trial on the basis of the Sixth Amendment right to a verdict by an impartial jury, under the test in *McDonough Power Equip. v. Greenwood*, 464 U.S. 548, 556 (1984). To obtain a new trial under the *McDonough* test, "a party must first demonstrate that a juror failed to answer honestly a material question on *voir dire*, and then further show that a correct response would have provided a valid basis for a challenge for cause." *Id.* The motives for concealing information may vary, but only those reasons that affect a jury's impartiality can truly be said to affect the fairness of a trial. *Id.*

There is no dispute that the juror did not answer the question during *voir dire*, but there was no showing that her failure to disclose was intentional and the Court finds the jurors testimony credible and reasonable that her lack of answer was because she did not recognize Duenas's name on the witness list. Under *McDonough*, Defendant must still demonstrate that a truthful answer from the juror would have provided a valid basis to strike the juror for cause. In order to disqualify the juror for cause, there must be a showing of either actual or implied bias, i.e., bias in fact or bias conclusively presumed as a matter of law. *U.S. v. Gonzalez*, 214 F.3d 1109, 1112 (9th Cir. 2000). The Court had the opportunity to observe and assess the credibility of the juror during the evidentiary hearing held to address this matter and finds the juror's answers to be reasonable and credible given her explanations, the extended break in the working relationship and minimum

contact between the juror and the witnesses. Governments case in chief as well as a defense witness. Duenas was called as a government witness.

Actual bias exists when, as the term suggests, the juror is in fact biased for or against one of the parties, thereby precluding her from rendering a fair and impartial verdict. *United States v. Gonzalez*, 906 F.3d 784, 796 (9th Cir. 2018). Most of the cases in which actual bias has been found involved jurors who either stated that they could not be impartial or who, after expressing views adverse to one party, equivocated when asked if they could set aside those views and evaluate the evidence fairly and impartially. *Id.* at 796-797. The Court has found no evidence of actual bias from the juror in this instance.

Under the implied bias doctrine, bias will be conclusively presumed in certain circumstances even if the juror professes a sincere belief that she can be impartial. *Id.*, at 797. The Ninth Circuit has held that juror bias will be presumed only in the extreme situation where the relationship between a prospective juror and some aspect of the litigation is such that it is highly unlikely that the average person could remain impartial in their deliberations under the circumstances. *United States v. Kvashuk*, 29 F.4th 1077, 1092 (9th Cir. 2022). Examples of this relationship include when the juror has had a personal experience similar or identical to the fact pattern at issue in the trial, when the juror is aware of highly prejudicial information about the defendant which no ordinary person could be expected to put aside in reaching a verdict, or the juror lies about *voir dire* facts. *Id.* The Defense has presented no evidence to the Court such that it can conclude that jurors shortfall if at all amounts to implied bias.

While the juror failed to later inform the Court or attorneys upon realizing that she been formerly acquainted with the witnesses, the Court finds that the relationship between the juror and the issues of this case is too tenuous to meet the "extreme situation" standard established by the Ninth Circuit. Therefore, the Court finds it more likely than not that the juror remained impartial in her deliberations as she had testified at the evidentiary hearing, and consequently that no implied bias exists in this instance. The Court finding no implied or actual bias, Defendant's argument does not pass the *McDonough* test.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's Motion for New Trial.

**IT IS SO ORDERED** JAN 0 5 2024 _____.

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**